# EXHIBIT B

1    6-22-06 D-10

1         SUPERIOR COURT OF CALIFORNIA

2            COUNTY OF SAN FRANCISCO

3    BEFORE THE HONORABLE CHARLENE PADOVANI MITCHELL, JUDGE PRESIDING

4              DEPARTMENT NUMBER 10

ENDORSED
FILED
San Francisco County Superior Court

5               ---oOo---

JUN 13 2006

GORDON PARK-LI, Clerk
BY: ___CAROLYN D. MACABEO___
                    Deputy Clerk

6    PEOPLE OF THE STATE OF CALIFORNIA,)
                                      )
7              Plaintiff,             )
                                      )
8    vs.                             )    Court No. 2260553
                                      )
9    MARCUS WITFIELD                  )    **FELONY PLEA**
                                      )
10             Defendant.             )    Pages 1 - 11
     _____)
11

12         **Reporter's Transcript of Proceedings**

13              Thursday, June 1, 2006

14

15   **APPEARANCES OF COUNSEL:**

16       For Plaintiff:
             Kamala Harris, District Attorney
17           850 Bryant Street - Suite 300
             San Francisco, California 94103
18           BY: **REMA BREALL**, Assistant District Attorney

19

20       For Defendant:

21           JEFF ADACHI, PUBLIC DEFENDER
             555 Seventh Street Suite 205
22           San Francisco, California 94103
             BY: **ROBERTO EVANGELISTA**, Deputy Public Defender
23

24

25

26

27

28   Reported By:  Deborah Neville, CSR #9703



| | |
|---|---|
| 1 | Thursday, June 1, 2006        A.M. |

1    Thursday, June 1, 2006                A.M.

2                 PROCEEDINGS IN OPEN COURT

3      *   *   *   *   *   *   *   *   *   *   *

4    **THE COURT:**  Line 18 Marcus Witfield.

5    **MS. BREALL:**  Rema Breall for the People.

6    **MR. EVANGELISTA:**  Public Defender Roberto Evangelista on

7  behalf of Mr. Witfield.

8    Your Honor, also present just for the record is

9  Marc Silversmith who was an attorney who knows Marcus very well.

10  Your Honor, I think we have a resolution in this case.

11    Over the advice of counsel, Mr. Witfield will enter a plea

12  to an amended Count I, 11351 of the Health and Safety Code, as a

13  felony.

14    May I admonish my client?

15    **THE COURT:**  What is the amended complaint going to be.

16    **MR. EVANGELISTA:**  11351.  We are taking the five out -- .5

17  out.

18    **MS. BREALL:**  It changes from time from three, four, five to

19  two, three, four.

20    **THE COURT:**  All right.  You may proceed.

21    **MR. EVANGELISTA:**  This is a plea over my objection.

22    **THE COURT:**  Do you waive any irregularities in the oral

23  amendment?

24    **MR. EVANGELISTA:**  I do, Your Honor.

25    **THE COURT:**  Waive instruction and arraignment?

26    **MR. EVANGELISTA:**  Waive instruction and arraignment.

27    Enter plea of not guilty.

28    **THE COURT:**  You may proceed.

1    **MR. EVANGELISTA:**  Mr. Witfield is entering enter a plea over

2    my advice.  So we are going to proceed.

3        Mr. Witfield, I'm going to make a statement to the Court

4    about your case.  It is very important that you listen to it

5    carefully.  Your Honor Mr. Witfield wants to enter a plea of

6    guilty to the charge of violating Health and Safety Code

7    section 11351, as a felony.

8        I have told him that several Constitutional rights will be

9    given up if the Court accepts this plea including;

10       First: his right to have a preliminary hearing before a

11   magistrate to determine if a felony has been committed and there

12   is sufficient cause to believe that he is the person who

13   committed the offense, and to have his attorney cross-examine

14   witnesses.

15       Second: his privilege against self-incrimination; that is,

16   he is under no obligation to say anything that may tend to

17   incriminate him, and I have told him that by pleading guilty he

18   is, in fact, incriminating himself.

19       Third: his right to be tried by a jury; in this regard I

20   have advised him that he cannot be convicted unless all twelve

21   jurors agree that the prosecution has proved his guilt beyond a

22   reasonable doubt.

23       Fourth: his right to see and hear his accusers testify in

24   open court in his presence and to have his attorney

25   cross-examine them.

26       We have discussed the elements of the charge against him and

27   the possible defenses to the charges.  And I have advised him of

28   the law as it relates to the facts of this case.  I have advised

1  him of the legal consequences of a guilty plea to the charges

2  and that the punishment for the offense could be, two years,

3  three years or four years in State Prison.

4      Upon his release from custody he may be placed on parole for

5  a period of four years from the date of his initial parole.

6  However if parole is revoked, confinement to prison under other

7  provisions of law shall not exceed 12 months except as provided

8  by Penal Code Section 3057 (C), subsequent acts of misconduct

9  committed by parolee while confined pursuant to that parole

10 revocation.

11     This plea is offered as a result of discussions with the

12 District Attorney and the Court.  I have informed Mr. Witfield

13 that the District Attorney will recommend the Court has

14 indicated the following sentence:

15     Imposition of sentence will be suspended.

16     He will be placed on formal probation to the Adult Probation

17 Department for a period of three years on the following terms

18 and conditions:

19     He will receive credit for time serve served at the time of

20 sentencing.

21     He must submit his person, residence and vehicle and

22 property to a search by any peace officer or probation officer,

23 at any time of day or night, with or without his consent, with

24 or without a warrant, and with or without reasonable or probable

25 cause.

26     He is not to posses any controlled substances without a

27 prescription.

28     He must submit to drug testing and counseling as deemed

1  appropriate by the Adult Probation Department.

2      Pursuant to Health and Safety Code section 11590, he must

3  register as a drug offender with the chief of police in the city

4  or with the sheriff if he lives in an unincorporated area.  He

5  must reregister within 30 days of moving.

6      He must pay a $200 probation revocation restitution fine

7  which will stayed unless and until he were to violate probation.

8      He must pay a $50 laboratory fee.

9      $200 to the restitution fund.

10      A $20 security fee.

11      He must pay -- he must submit to DNA testing pursuant to

12  Penal Code Section 296.

13      He must obey all laws.

14      He must also abide by a stay away order.

15      In addition, and not as a condition of probation, he may be

16  required to pay up to $150 for the preparation of a presentence

17  report, up to $50 a month for probation supervision, and a

18  booking fee of $135.

19      **THE COURT:**  Is Marcus Witfield your true name?

20      **THE DEFENDANT:**  Yes.

21      **THE COURT:**  You've heard the statements made to the Court by

22  your attorney are they true in all respects?

23      **THE DEFENDANT:**  Yes.

24      **THE COURT:**  Do you personally give up your right to remain

25  silent and not to say anything that would tend to incriminate

26  you?

27      **THE DEFENDANT:**  Yes.

28      **THE COURT:**  Do you personally give up your right to see and

1    question the witnesses against you?

2        **THE DEFENDANT:**  Yes.

3        **THE COURT:**  Do you personally give up your right to a

4    preliminary hearing?

5        **THE DEFENDANT:**  Yes.

6        **THE COURT:**  Do you personally give up your right to be tried

7    by a jury?

8        **THE DEFENDANT:**  Yes.

9        **THE COURT:**  This sentence is one where you are going to be

10   placed on probation.  Do you understand that if you violate any

11   of the terms of that probation you may be sentenced to State

12   Prison without a trial?

13       **THE DEFENDANT:**  Yes.

14       **THE COURT:**  Do you understand that you will be required to

15   provide DNA samples as a consequence of your plea?

16       **THE DEFENDANT:**  Yes.

17       **THE COURT:**  If you are not a citizen your plea of guilty may

18   result in your deportation, exclusion from admission to the

19   United States or denial of naturalization as a United States

20   citizen.

21       If you are not a citizen you have the right to speak with

22   your embassy or consulate prior to entering your plea.  Do you

23   understand this?

24       **THE DEFENDANT:**  Yes.

25       **THE COURT:**  Mr. Evangelista, have you had an opportunity to

26   speak with Mr. Witfield about the immigration consequences of

27   his plea, if there are any?

28       **MR. EVANGELISTA:**  Yes, Your Honor.

1    **THE COURT:**  The acceptance of your plea at this time is not

2    binding on the Court.  If the Court withdraws approval at the

3    time of sentencing, you may withdraw your plea of guilty and

4    enter a plea of not guilty if you wish to do so.  But if that

5    happens the District Attorney may reinstate any dismissed

6    charges or allegations.  Do you understand that?

7    **THE DEFENDANT:**  Yes.

8    **THE COURT:**  If I'm not here on the date of sentencing do you

9    agree to be sentenced by another judge as long as the sentence

10   is the same sentence as stated to you today?

11   **THE DEFENDANT:**  Yes.

12   **THE COURT:**  Has anyone threatened or put pressure on you to

13   plead guilty?

14   **THE DEFENDANT:**  No.

15   **THE COURT:**  Do you do this freely and voluntarily?

16   **THE DEFENDANT:**  Yes.

17   **THE COURT:**  Before coming to court today did you take any

18   drugs, alcohol, medicine, or anything else that would affect

19   your ability to think?

20   **THE DEFENDANT:**  No.

21   **THE COURT:**  Is your mind clear?

22   **THE DEFENDANT:**  Yes.

23   **THE COURT:**  Do you know what you are doing?

24   **THE DEFENDANT:**  Yes.

25   **THE COURT:**  What is your plea to a charge of violating

26   Health the Safety Code section 11351, a felony?

27   **THE DEFENDANT:**  Guilty.

28   **THE COURT:**  What is the factual basis for this plea?

1    **MR. EVANGELISTA:**  I'll stipulate based upon police report

2    number 06333675 despite the fact that I've instructed

3    Mr. Witfield that he has several defenses to the case.  I will

4    stipulate.

5    **MS. BREALL:**  I believe the correct number is just one number

6    off, its 060333675.

7    **MR. EVANGELISTA:**  Stipulated.

8    **THE COURT:**  The Court finds that there is a factual basis

9    for your plea based upon the stipulation of the parties.

10    And further finds that you have been advised of your rights.

11    That you have knowingly, intelligently and voluntarily

12    waived those rights and entered your plea of guilty well

13    understanding the consequences of doing so.

14    Therefore your plea is accepted by this Court.

15    And you are referred to the Adult Probation Department for

16    the preparation of a presentence report.

17    You are ordered to cooperate with the Adult Probation

18    Department in giving an interview so that the presentence report

19    can be prepared.

20    You are also ordered to cooperate in giving a sample of your

21    saliva so that the DNA processing can be accomplished.

22    We will put this matter on for sentencing on -- you want

23    June 22nd, Mr. Evangelista?

24    **MR. EVANGELISTA:**  Is that the earliest day we can get?

25    **THE COURT:**  That's the earliest day you can get.  You can't

26    get earlier than the blackboard says for custody.  Impossible.

27    **MR. EVANGELISTA:**  That's fine, Your Honor.  May I have one

28    second?

```
 1                    (Pause in the proceedings.)
 2        THE COURT:  Yes.
 3        MR. EVANGELISTA:  My client is asking me to readdress the
 4    same question.  As the Court is aware and the D.A. is aware, my
 5    client has a no warrant hold for CDC juvenile.  He's got a
 6    juvenile hold.  He's asking the Court if you would please
 7    release him on his own recognizance so he can quickly and
 8    expeditiously be moved to CY and issue the bench warrant that
 9    will ensure he will come back.  He's anxious to return quickly
10    so -- he's anxious to move on and settle his parole matter.
11        THE COURT:  Well I don't doubt that may be the case but as
12    already been indicated, Mr. Witfield, I'm not releasing you on
13    your own recognizance.
14        THE DEFENDANT:  Not even to go settle my YA matter?
15        THE COURT:  No.  No.  Because something may happen between
16    here and there.
17        THE DEFENDANT:  They wouldn't be able to come and get me
18    until --
19        THE COURT:  Until you are sentenced.  You have to handle
20    this matter before you are released.
21        MS. BREALL:  The stay away order.
22        THE COURT:  I have it right here.  I'm going to do that.
23    All right.  So we have to put it on for sentencing for
24    June 22nd.  You are ordered present in this court at that time.
25        You are ordered to stay 150 yards away -- 150 yards away
26    from 2024 Mission Street in San Francisco.
27        Do you have any questions about the stay away order?
28        THE DEFENDANT:  2024?
```

10

1   **THE COURT:**  2024 Mission Street in San Francisco.

2   **THE DEFENDANT:**  No questions.

3   **THE COURT:**  We'll see you on the 22nd.

4   **MS. BREALL:**  For the record.  The stay away order has been

5   served on the defendant though counsel.

6           .

7                           ---o0o---

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

```
 1   State of California            )
                                    )
 2   County of San Francisco        )

 3

 4

 5       I, DEBORAH NEVILLE, Official Reporter for the Superior

 6   Court of California, County of San Francisco, do hereby certify:

 7       That I was present at the time of the above proceedings;

 8       That I took down in machine shorthand notes all proceedings

 9   had and testimony given;

10       That I thereafter transcribed said shorthand notes with the

11   aid of a computer;

12       That the above and foregoing is a full, true, and correct

13   transcription of said shorthand notes, and a full, true and

14   correct transcript of all proceedings had and testimony taken;

15       That I am not a party to the action or related to a party

16   or counsel;

17       That I have no financial or other interest in the outcome

18   of the action.

19

20

21   Dated:  June 11, 2006

22

23                   _____

24                   DEBORAH NEVILLE, CSR No. 9703

25

26

27

28
```