JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

DEREK R. OWENS (CABN 230237)
Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California  94102
    Telephone:  (415) 436-6488
    Fax:  (415) 436-7234
    Email: Derek.Owens@usdoj.gov

Attorneys for Applicant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                        )<br>           Plaintiff,        )<br>                                        )<br>   v.                             )<br>                                        )<br>MARCUS WHITFIELD,           )<br>                                        )<br>           Defendant.   )<br>                                        )<br>_____) | No. CR 07-0366 VRW<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Hearing:    March 20, 2008<br>Time:       1:30 p.m.<br>Courtroom: Hon. Vaughn R. Walker<br>                 Courtroom 6, 17th Floor |

## I. INTRODUCTION

On November 29, 2007, defendant Marcus Whitfield pled guilty to one count of being a Felon in Possession of a Ammunition and one count of being a Felon in Possession of a Firearm, each in violation of 18 U.S.C. § 922(g)(1).  This Court has set March 20, 2008, at 1:30 p.m. as the date for judgment and sentencing.  The government submits the following sentencing memorandum in order to advise the Court of the government's sentencing guideline calculations, any objections to the presentence report ("PSR"), and its sentencing recommendation.

## II. BACKGROUND

A.   <u>Defendant's Offense Conduct.</u>

On April 28, 2007, the San Francisco Police Department responded to a domestic violence dispute at 1855 Sunnydale Avenue in San Francisco. The police officers interviewed the victim and she told them, among other things, that she had been assaulted by defendant and that he kept a black Tech 9 under his mattress. She also told the officers that defendant had traded her Cadillac for the Tech 9.

The next day, April 29, the defendant was arrested two blocks from the 1855 Sunnydale residence on charges related to the assault. He was found to be on active parole and probation, with an residential address listed as 1855 Sunnydale Avenue. The police went to the Sunnydale residence, searched under his mattress, and found the Intratec Tech 9 and a loaded magazine laying next to the firearm.

## III. SENTENCING GUIDELINES CALCULATIONS

A.   <u>Offense Level Computation and Criminal History Computation</u>
1. Base Offense Level, U.S.S.G. § 2K2.1(a)(4):           20
2. Specific offense characteristics:                      0
3. Acceptance of Responsibility, U.S.S.G. § 3E1.1:       -3
4. Adjusted offense level:                               17

The parties have agreed to the adjusted offense level of 17 based on the above computation. The government concurs with the computation by U.S. Probation that includes a total number of criminal history points of 7, and a Criminal History Category of IV.

## IV. ARGUMENT

THE COURT SHOULD IMPOSE A SUBSTANTIAL CUSTODIAL SENTENCE.

After <u>Booker</u>, a sentencing court must use the Guidelines as a "starting point." The Guidelines do not dictate a presumptively reasonable sentence. Rather, the Guidelines are simply one factor for the sentencing court to consider. <u>United States v. Zavala</u>, 443 F.3d 1165, 1170-71 (9th Cir. 2006). As the Ninth Circuit has held, sentencing courts "must properly use the Guideline calculation as advisory and start there, but they must not accord it greater weight than they accord the other 18 U.S.C. § 3553(a) factors. Rather, they must consider all of the

information before them, as they used to do, and then reach for the correct sentences under all of the circumstances." *Id.* at 1171.

Under 18 U.S.C. § 3553(a), the sentencing court must consider the following factors in addition to the sentence specified by the Guidelines:

1. "the history and characteristics of the defendant";
2. "the nature and circumstances of the offense";
3. "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law"
4. "to protect the public from further crimes of the defendant."

A. <u>The Defendant Has Earned A Sentence of 37 Months in Custody.</u>

The Guideline range for the offense conduct is 37 to 46 months. The government recommends a low-end sentence of 37 months in custody. The defendant's conduct is very serious and 37 months in custody represents a reasonable and appropriate sentence for his actions. He has earned this substantial custodial sentence for the following reasons:

1. <u>the history and characteristics of the defendant</u> 18 U.S.C. § 3553(a)(1)

The defendant has a personal history that presents a compelling sentencing decision by this Court. His upbringing is one that shows the tragic side of life, and one that most folks only read about in newspapers or see on television. To say he was faced with enormous and monumental challenges is clearly an understatement.

On the other side of the equation is the defendant's criminal behavior. At the age of twenty-three, the defendant is rather young, yet has accumulated a significant history of drugs, guns, and violence. Not all of his acts have resulted in criminal convictions, however if his history is any indication of where his life is leading, there is a clear problem. Defendant was engaging in cocaine sales at the age of fourteen, PSR ¶ 39; he was arrested for possession of a firearm at age fifteen, PSR ¶ 40; he was charged with escape at age sixteen, PSR ¶ 41; and convicted of battery and assault with a deadly weapon at age sixteen, PSR ¶ 41. Also at age sixteen, he was in the vicinity of a murder and was observed "holding a handgun and shooting in the direction of the victim." PSR ¶ 43.

1   Following his December 2005 parole for those convictions, defendant was arrested less
2   than four months later in March 2006, again, for selling cocaine. PSR ¶ 44. Following his
3   November 2006 parole for that conviction, defendant was again arrested less than five months
4   later for this instant offense in March 2007. His arrest for this offense was a result of San
5   Francisco police officers responding to a domestic violence assault by defendant against his
6   girlfriend. The victim reported that defendant "grabbed her by her sweatshirt and dragged her
7   outside the residence." PSR ¶ 8. Defendant then "clutched her head with both of his hands and
8   threw her to the ground," and "grabbed her cellular telephone, preventing her from calling 911."
9   Id. at 8. Defendant also reportedly attempted to bite the victims ear, but failed and subsequently
10  retreated to his residence." Id. at 8. According to the PSR, the victim was pregnant with his
11  child at the time of this attack. Id. at 9. The victim also stated that the defendant had physically
12  abused her in the past, specifically in January 2007, when defendant reportedly broke her arm.
13  Id.

    This history demonstrates an escalating, destructive course of conduct that endangers the
    community and serves to exhibit defendant's propensity for violence. Keeping a firearm out of
    the hands of someone with such a history and characteristics is clearly in the interests of society.

        2.      "<u>the nature and circumstances of the offense</u>" 18 U.S.C. §3553(a)(1)

    The instant offense is a simple restriction: defendant is prohibited from possessing a
    firearm. His reasons for possessing the firearm, that he was going to give it to his girlfriend for
    protection, cannot serve as a justification or excuse. His girlfriend had a constitutional right to
    purchase and possess the firearm on her own, and any undue influence or demands placed by her
    on defendant does not alleviate his prohibition from possessing firearms.

        3.      "<u>the need for the sentence imposed . . . to reflect the seriousness of the</u>
                <u>offense, to promote respect for the law and to provide just punishment for</u>
                <u>the offense</u>" 18 U.S.C. §3553(a)(2)(A)

    The Court should find that a substantial period of custody is necessary "to reflect the
    seriousness of the offense, to promote respect for the law, and to provide just punishment for the
    offense." 18 U.S.C. § 3553(a)(2)(A). As stated above, the instant offense occurred less than five

months after he was paroled for his felony conviction for selling cocaine. PSR ¶ 44. Such conduct is consistent with his history over the past seven years, which is consistently committing crimes soon after release and during short windows of freedom. These actions show defendant's disregard for the parole restrictions that are placed on him and also his lack of respect for the rule of law.

        4.    "to protect the public from further crimes of the defendant" 18 U.S.C. § 3553(a)(2)(C)

As noted above, the defendant has a track record of violent behavior, and combined with his multiple arrests for firearm offenses creates a dangerous concoction that is a threat to the community. A substantial custodial sentence should be imposed to protect the public from the further crimes of the defendant.

Although his family life and upbringing were indeed tragic, those circumstances cannot serve as a discount or a reason to ignore his violent behavior and his lack of respect for the rule of law. Keeping a firearm out of the hands of a person with his history is clearly in the interests of society. For someone with such a character to ignore this law is a major offense, and the public is at risk everyday this person chooses to violate this law. By imposing a substantial period of confinement, the Court will send a message to address the seriousness of the offense, promote respect for the law, and provide just punishment.

## VI. CONCLUSION

For the reasons set forth above, the government concurs with the recommendation of U.S. Probation, and the defendant, and recommends the Court impose a low-end sentence of 37 months in custody followed by three years of supervised release.

DATED: March 13, 2008                            Respectfully submitted,

                                                        JOSEPH P. RUSSONIELLO
                                                        United States Attorney

                                                         /s/ Derek R. Owens
                                                         DEREK R. OWENS
                                                         Assistant United States Attorney